Filed 12/4/15  P. v. Lopez CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>ISAAC ESPINOSA LOPEZ,<br><br>Defendant and Appellant. | F069873<br><br>(Super. Ct. No. CRM012561A)<br><br><br>**OPINION** |

---

## THE COURT[*]

APPEAL from a judgment of the Superior Court of Merced County.  Donald J. Proietti, Judge.

Solomon Wollack, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

When he was 15 years old, Issac Espinosa Lopez[1] shot and killed Tommy Henson, and shot and wounded Tommy's father, Randy Henson, in a drive by shooting.  He

---

[*] Before Levy, Acting P.J., Gomes, J. and Poochigian, J.

eventually accepted a plea agreement and was sentenced to the agreed-upon term of imprisonment.[2]  After reviewing the file, appellate counsel could not identify any arguable issues.  Our review of the file has led us to the same conclusion.  Accordingly, we affirm the judgment.

## FACTUAL AND PROCEDURAL SUMMARY

The information charged Lopez with (1) murder (Pen. Code, § 187, subd. (a)),[3] (2) attempted murder (§§ 187, subd. (a) and 664), (3) assault with a semi-automatic firearm (§ 245, subd. (b)), (4) shooting at an inhabited dwelling (§ 246), and (5) active participation in a criminal street gang (§ 186.22, subd. (a)).  The murder count included the special circumstance allegation that the murder was committed while Lopez and the co-defendant, Sanson Andrade, were active participants in a criminal street gang. (§ 190.2, subd. (a)(22).)  Numerous enhancements were also charged including (1) personal discharge of a firearm resulting in the death of a person (§ 12022.53, subds. (d) and (e)(1) - counts 1, 2, and 4), (2) the commission of the crime was for the benefit of a criminal street gang (§ 186.22, subd. (b) - counts 1, 2 , 3 and 4), (3) personal use of a firearm (§ 12022.5 – counts 1, 2, 3 and 4), and (4) personal infliction of great bodily injury (§ 12022.7, subd. (a) – counts 3 and 4).

The testimony at the preliminary hearing established that Lopez and Andrade were related by marriage, and were both gang members.  They both told police officers they were driving around Dos Palos looking for rival gang members to confront when they saw the victims in front of a house.  Lopez got out of the vehicle and fired twice in the

---

[1] The appellate brief lists the defendant's name as Issac Lopez Espinosa.  The trial court made a finding that his name is Issac Espinosa Lopez.  Consistent with this finding, we will refer to the defendant as Lopez.

[2] By the time he was sentenced Lopez was no longer a minor.

[3] All statutory references are to the Penal Code unless otherwise stated.

direction of the victims, apparently hitting each victim one time.  The two victims were Randy Henson and his son, Tommy Henson.  Tommy Henson died from his wounds.

The trial of the two defendants was severed, with Andrade being tried first.  Prior to his trial, Lopez entered into a plea agreement which required him to plead no contest to the second degree murder of Tommy Henson, assault with a semi-automatic firearm where the victim was Randy Henson, and admit the section 12022.5, subdivision (a) enhancement on the assault count.  Lopez agreed to a prison term of 15 years to life on the murder count, and consecutive aggravated terms of nine years for the assault and 10 years for the firearm enhancement.  The trial court adequately informed Lopez of his constitutional and statutory rights, and obtained a waiver of those rights.

Thereafter the trial court sentenced Lopez to the agreed-upon term.  Lopez filed a notice of appeal which did not contain a request for a certificate of probable cause, instead stating the appeal was from the sentencing or post plea matters.

## DISCUSSION

Appellate counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 asserting he did not identify any arguable issues in this case.  We invited Lopez to inform us of any issues he would like us to address by letter dated November 26, 2014.  Lopez did not respond to our invitation.

We have reviewed the record and have not identified any arguable issues in this case.  Lopez confessed to the crime shortly after committing the murder.  He accepted a plea bargain that resulted in dismissal of numerous charges and enhancements.  He was thoroughly advised of his trial rights and waived those rights.  The sentence imposed provides a likelihood Lopez will eventually be paroled if he is deemed suitable, thereby protecting his constitutional rights.  (*Miller v. Alabama* (2012) 567 U.S. ___ [132 S.Ct. 2455, 2469].)

## DISPOSITION

The judgment is affirmed.

3.